**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Christopher Cremeans

     v.                                Civil No. 08-cv-003-JL

William Wrenn, Commissioner,
New Hampshire Department of
Corrections

<u>**REPORT AND RECOMMENDATION**</u>

Christopher Cremeans has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state criminal conviction and sentence (document no. 1). The petition is before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); <u>see also</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). As discussed herein, I recommend that the petition be dismissed as untimely filed.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the

magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520–21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and an unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

Christopher Cremeans pleaded guilty to two counts of pattern aggravated sexual assault and two counts of endangering the

2

welfare of a child, and was sentenced to 17 ½ – 35 years in prison on November 9, 2005.  On November 16, 2006, Cremeans filed a motion in the state trial court to withdraw his plea and proceed to trial.  The motion was denied on December 20, 2006.  A motion to reconsider was denied on January 10, 2007.  Additional post-conviction motions were denied on January 26, 2007. Cremeans appealed the denials collectively to the New Hampshire Supreme Court ("NHSC").  On September 17,2007, the NHSC declined to accept the appeal.  This petition followed, raising a number of claims challenging the constitutionality of Cremeans' conviction and sentence.

<u>Discussion</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244, sets a one-year limitations period for federal habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1).  AEDPA's one-year limit runs from the time that the state court judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the state, by new

constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  See David v. Hall, 318 F.3d 343, 344 (1st Cir. 2003); 28 U.S.C. § 2244(d)(1)(B)-(D). The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . .."  28 U.S.C. § 2244(d)(2).  While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  See Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (citing Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)).

In addition to the statutory exceptions, AEDPA's limitations period can be equitably tolled in exceptional circumstances. Trapp, 479 F.3d at 59; Cordle, 428 F.3d at 48 (citing Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)).  Equitable tolling is reserved for cases in which circumstances which were beyond the petitioner's control prevented prompt filing of the petition. Cordle, 428 F.3d at 48 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)).

In this case, Cremeans' conviction became final on December 9, 2005, which was the date that the period during which Cremeans could have pursued a direct appeal of his conviction expired.  As no direct appeal was filed, the one-year limit set by AEDPA for filing this petition therefore began to run on December 9, 2005, and would have expired one year later, on December 9, 2006, if no further action had been taken by Cremeans.  Cremeans, however, filed a motion to withdraw his plea on November 16, 2006, twenty-three days before the expiration of the limitations period.  It appears that Cremeans was engaged in state court post-conviction litigation from November 16, 2006 until September 17, 2007, when his appeal of his post-conviction motions was denied by the New Hampshire Supreme Court, concluding Cremeans' post-conviction litigation.

At that point, had this petition been filed within 23 days of September 17, 2007, or by October 10, 2007, the petition would have been timely filed.  This petition, however, was not filed until January 2, 2008, almost three months after the expiration of the limitations period in this case.  Further, there are no facts alleged in the petition that raise any other possible exclusions from or exceptions to the limitations period that

would apply in this matter. Accordingly, I recommend that
Cremeans' petition for a writ of habeas corpus be denied as
untimely filed.[1]

Conclusion

I recommend that Cremeans' petition for a writ of habeas
corpus (document no. 1), be dismissed.  Any objections to this
report and recommendation must be filed within ten (10) days of
receipt of this notice.  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See Unauthorized Practice of Law Comm. v. Gordon, 979
F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,
792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:     February 12, 2008

cc:       Christopher Cremeans, pro se

---

[1]This Court is permitted, but not obliged, to consider, sua
sponte, the timeliness of a state prisoner's habeas petition.
Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).